IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JULIAN M. REYES, | § | |
| Plaintiff, | § § § | |
| v. | § § | 1:16-CV-889-RP |
| MICHAEL BLACK, | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Plaintiff Julian M. Reyes's ("Reyes") Motion for Appointment of Counsel. (Dkt. 26). Reyes asks the Court to appoint a lawyer to represent him. (*Id.*).

This is a federal civil rights action concerning an allegedly wrongful arrest. (Compl., Dkt. 1, at 4–6). Reyes alleges that Defendant Michael Black ("Black"), an officer employed by the Texas Department of Public Safety, arrested him without adequate justification. (*Id.* at 5). Reyes asserts a cause of action against Black under 42 U.S.C. § 1983. (*See id.* at 6).

The factual allegations are brief. According to Reyes, he went to the state capitol for a meeting, bringing with him his pet bearded dragon. (*Id.* at 3–5). Black refused him entry to the capitol and ultimately arrested him. (*Id.* at 5). Reyes alleges that the arrest was unsupported by a warrant or probable cause. (*Id.* at 5–6).

A court is not required to appoint counsel for an indigent plaintiff in a civil rights action absent exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Whether exceptional circumstances exist depends on "the type and complexity of the case and the abilities of the individual pursuing that case." *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). In determining whether exceptional circumstances exist, courts consider (1) the type and complexity of the case; (2) the plaintiff's ability to adequately present the case; (3) the plaintiff's ability to adequately investigate

1

the case; and (4) whether the evidence will "consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination." *Ulmer*, 691 F.2d at 213. A court "should also consider whether the appointment of counsel would be a service to" the plaintiff, the court, and the defendant "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Id.* District courts must generally make specific findings explaining the basis for denying a request to appoint counsel. *McAlister v. Livingston*, 348 F. App'x 923, 941 (5th Cir. 2009).

At this stage in the litigation, the Court finds that this case appears to raise neither novel nor complex issues. Reyes has adequately presented and investigated his own case thus far. Trial is scheduled for October 15, 2018, and discovery remains open; it is too soon to know whether the presentation of evidence and legal argument at trial will be sufficiently complex that the Court would be justified in appointing counsel to represent Reyes. Accordingly, the Court declines to appoint counsel to represent Reyes at this time. **IT IS ORDERED** that Reyes' motion to appoint counsel, (Dkt. 26), is **DENIED**.

**SIGNED** on April 17, 2018.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE